IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-784-L** |
| | § | |
| ALVIN G. JACKSON, | § | |
| | § | |
| Defendant. | § | |

**AMENDED MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion to Correct Judgment, filed November 5, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion to Correct Judgment. *To avoid or minimize the necessity of issuing an amended judgment because of the amount of damages, the court specifically **directs** Plaintiff in future motions seeking a default judgment to set forth the specific relief requested in addition to what is contained in supporting documentation.* Further, the court **vacates** its Memorandum Opinion and Order and Judgment issued on June 17, 2015.

**I.    Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on March 10, 2015, against Alvin G. Jackson ("Defendant" or "Jackson"). This action arises from the failure of Jackson to make the required payments on loans he obtained in August 1988. The loans were disbursed for $2,625 on September 15, 1988, and $1,600 on September 16, 1988, at a variable rate of interest to be established annually by the Department of Education. The loans were guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under the loan guaranty programs authorized under Title

**Amended Memorandum Opinion and Order – Page 1**

IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). After demand of payment by the United States, Jackson defaulted on the loans on June 28, 1989, and July 28, 1994, respectively.

Jackson was served with a copy of the summons and Complaint on May 13, 2015. Defendant was required to answer or otherwise respond to the Complaint by June 3, 2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Jackson has not answered or otherwise responded to the Complaint.

On June 12, 2015, the United States requested the clerk of court to enter a default against Jackson, and the clerk entered default against Jackson the same day. Plaintiff now requests the court to enter a default judgment against Jackson and award it damages and applicable interest as a result of his default.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Jackson. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Jackson, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which

the court accepts as true, and the record in this action, the court determines that Jackson is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Jackson owed the United States as of December 24, 2014, was $10,697.55 ($2,817.74 in principal and $3,906.58 in interest on the first loan; and $1,801.19 in principal and $2,172.04 in interest on the second loan). Interest accrues on the principal of the first loan at the rate of 3.28% per annum, or a per diem rate of $.25, and on the second loan at the rate of 3.35% per annum, or a per diem rate of $.17. The number of days from December 24, 2014, to June 17, 2015, is 176, which results in additional interest in the amount of $73.92. Therefore, the total amount of judgment to which the United States is entitled is **$10,771.47**.

### III. Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$10,771.47.** The court will enter and amended judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 6th day of November, 2015.

_____
Sam A. Lindsay
United States District Judge